# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LAUREN HOLDEN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

NORTONLIFELOCK, INC.,

    Defendant.

_____/

Civil Action No. _____

Removed from the Circuit Court
Of Duval County, Florida
CASE NO. 2021-CA-000731

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant NortonLifeLock Inc. ("NLL") removes this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, bearing the Case Number 2021-CA-000731, to the United States District Court for the Middle District of Florida, Jacksonville Division.

## INTRODUCTION

1.    On February 8, 2021, Plaintiff Lauren Holden ("Holden") individually and on behalf of all others similarly situated, filed a complaint (the "Complaint") and commenced a civil action against NLL in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, captioned *Holden v. NortonLifeLock, Inc.*, Case No. 2021-CA-000731 (the "State Court Action"). The

1

Complaint relates to her claim that NLL violated the Florida Security of Communications Act, Florida Statutes section 934.01 (the "FSCA"), invaded her privacy and the privacy of the class members, and exposed her private information along with the private information of the class members. *See* Ex. A at ¶¶ 1-3.

2. NLL was served on February 11, 2021.

3. NLL filed a Motion for Extension of Time on March 3, 2021.

4. An Order granting the Motion for Extension of Time was entered on March 9, 2021, giving NLL until April 8, 2021 to file a response to the Complaint.

## TIMELINESS OF REMOVAL

5. The timing of this Notice of Removal is proper under, under 28 U.S.C. § 1446(b)(l), because it is filed within thirty (30) days of NLL's receipt of the Complaint on February 11, 2021.

## SUMMARY OF HOLDEN'S ALLEGATIONS AND GROUNDS FOR REMOVAL

6. This Court has original subject matter jurisdiction over this action pursuant to: (I) the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d) and 1441(b); and (II) diversity jurisdiction, 28 U.S.C. § 1332(a).

7. On behalf of herself and members of the putative class, Holden seeks (1) actual damages; (2) statutory liquidated damages under the FSCA of $1,000 per violation; (3) punitive damages; (4) attorney's fees and costs; (5) declaratory and injunctive relief; (6) any other available legal or equitable

remedies resulting from NLL's actions; and (7) such further and other relief the Court deems reasonable and just. Ex. A at ¶ 4, p. 8.

8. Holden individually seeks at least $1,000 in statutory liquidated damages under the FSCA per violation arising from each of her twenty visits to www.us.norton.com ("NLL's Website"). *Id.* at ¶ 39.

9. Florida law permits punitive damages of up to three times the amount of compensatory damages awarded. *See* Fla. Stat. 768.73(1)(a)(1).

10. NLL denies any liability as to Holden's individual claims and as to the claims of the putative class members related to NLL's alleged monitoring and recording of their activity during their visits to NLL's Website. NLL expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration, motions to challenge personal jurisdiction, and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal *only*, NLL submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA and diversity jurisdiction.

I. **THIS COURT HAS JURISDICTION UNDER CAFA.**

11. This Court has original subject matter jurisdiction under CAFA where: (a) the putative class includes no less than 100 individuals; (b) at least one member of the plaintiff class is a citizen of a different state than NLL; and (c) the amount in controversy exceeds the sum of $5,000,000, exclusive of

interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1441(b). "CAFA 'broadens diversity jurisdiction by establishing lower threshold requirements for certain class actions.'" *Day v. Sarasota Doctors Hosp., Inc.*, No. 8:19-CV-1522- T-33TGW, 2020 WL 5758003, at *2 (M.D. Fla. Sept. 28, 2020) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1193 (11th Cir. 2007)).

12. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely Florida Rule of Civil Procedure 1.220, authorizing an action to be brought by one or more representative persons as a class action. See 28 U.S.C. § 1332(d)(l)(B); *see also* Ex. A at ¶¶ 20-29.

13. In the Complaint, Holden pleads multiple causes of action on behalf of herself and a putative class of similarly situated individuals against NLL for alleged violations of the FSCA, invasion of their privacy, and exposure of their private information, and seeks "any other available legal or equitable remedies resulting from the actions of Defendant described herein." *See id.* at ¶¶ 1-4. The FSCA has a two-year statute of limitations. Fla. Stat. 934.10(3).

14. The Complaint alleges that during Holden's visits to NLL's Website NLL tracked Holden's use of and interaction with the site, and that

4

such tracking constitutes an "interception of [Holden's] electronic communications" in violation of the FSCA. Ex. A at ¶¶ 14, 35.

15. Holden alleges that the class consists of Florida residents who visited NLL's Website during which NLL used "tracking, recording, and/or 'session replay' software . . ." without their knowledge or prior consent, had their privacy invaded, and/or had their private information exposed. *Id.* at ¶¶ 1-3.

A. **There Is Minimal Diversity Of Citizenship Between The Parties In This Action Because NLL Is A Citizen Of A Different State Than Holden.**

16. The minimum diversity of citizenship criterion under CAFA is met if a plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Holden alleges that at the time Holden commenced this class action, and at all times since, Holden was and is "a citizen and resident of Duval County, Florida." *See* Ex. A at ¶ 5.

18. At the time Holden commenced this class action, and at all times since, NLL was and is a corporation incorporated in the State of Delaware and with its principal place of business in the State of Arizona. *See* Ex. A at ¶ 6; Exhibit B at ¶ 4, Declaration of Michael Bedard. NLL is thus a citizen of states other than Florida. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title ... a corporation shall be deemed to be a

5

citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

19. Accordingly, for purposes of diversity jurisdiction at least one member of the plaintiff class is a citizen of a different state than NLL. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.    The Putative Class Consists Of At Least 100 Members.**

20. Holden alleges that the putative class consists of "no less than 100" individuals who "visited" NLL's website. *See* Ex. A at ¶¶ 20, 22.

21. While the FSCA has a two year statute of limitations, in a one year period prior to this Notice of Removal NLL's website was visited by more than ten-thousand (10,000) unique Florida visitors. *See* Ex. B at ¶ 5.

22. During the same one year period NLL's Website was visited by more than ten-thousand (10,000) NLL subscribers who have accounts associated with Florida zip codes. *Id.* at ¶ 6.

23. Accordingly, while NLL denies that class treatment is permissible or appropriate, the scope of the proposed class consists of more than 100 members, based on the Complaint's allegations and NLL's records.

**C.    The Amount In Controversy Requirement Is Satisfied.**

24. Without admitting the veracity of Holden's allegations or the propriety of class treatment in this Action, a reasonable and commonsense reading of the Complaint along with NLL's submissions in support of this

Notice of Removal show that the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

25. Holden seeks at least $1,000 in statutory liquidated damages for each class member's visit to NLL's Website, along with punitive damages of up to three times any damage award, together with the other relief identified *supra* at ¶ 7. *See* Ex. A at ¶¶ 4, 39, p. 8.

26. As set forth above, NLL's Website was visited by more than 10,000 unique Florida visitors in a one year period prior to this Notice of Removal, and NLL's Website was visited by more than 10,000 NLL subscribers who have accounts associated with Florida zip codes.

27. Based upon this information, this number of visitors and subscribers each seeking damages of at least $1,000 causes the amount in controversy to exceed $5 million.

28. Holden confirms "the aggregate damages sustained by the Class are potentially in the millions of dollars . . ." Ex. A at ¶ 28.

29. Courts are not limited to the four corners of the Complaint when determining the amount in controversy. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka v. Kolter City Plaza JI, Inc.*, 608 F.3d

744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001)) (holding that district court erred in rejecting defendant's declaration in support of notice of removal evidencing the amount in controversy exceeded CAFA's $5 million threshold).

30. "'[W]hen a defendant seeks federal court adjudication, the defendant's amount-in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.'" *Signor v. Safeco Ins. Co. of Illinois*, No. 19-61937-CIV, 2019 WL 7911214, at *1 (S.D. Fla. Dec. 11, 2019) (quoting *Dart Cherokee*, 574 U.S. at 87).

31. Importantly, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89; *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (the conclusion that no antiremoval presumption attends CAFA cases "was driven, in part, by the legislative history, including language found in Senate Report No. 109–14 (2005), which observed that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

32. Likewise, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

33.     Moreover, the above calculation only addresses statutory damages. Holden also requests punitive damages which, under Florida law, can be as high as three times this statutory damage award. *See* Fla. Stat. 768.73(1)(a)(1). Florida Courts have routinely awarded punitive damage awards of this kind, including in other consumer statutory claims. *See Goodin v. Bank of America, NA*, 114 F.Supp.3d 1197 (M.D. Fla. 2015) (awarding punitive damage award of $100,000 in punitive damages in action arising under the Florida Consumer Collection Practices Act (the "FCCPA")); *Williams v. First Adv. LNS Screening Solutions*, 947 F.3d 735 (11th Cir. 2020) (reducing $3 million punitive damage award to $1 million based upon $250,000 in compensatory damages); see *also McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731-32 (11th. Cir. 2014) (vacating order remanding action to state court, finding CAFA amount in controversy exceeded based upon punitive damage award calculated at three times compensatory damages in action involving allegations of fraud and the FCCPA)); *Miller v. Arvest Central Mortg. Co.*, Case No. 20-22820, 2020 WL 7416869 (S.D. Fla. Dec. 18, 2020) (calculating punitive damages for purposes of CAFA as three times damages in action arising under the FCCPA); *Flying Fish Bikes, Inc. v. Giant Bicycle, Inc.*, 181 F.Supp.3d 957 (M.D. Fla. 2016) (upholding jury award of $3 million in punitive damages based upon $250,000 in compensatory damages, permitting three to one ratio to be exceeded under

9

certain circumstances). Punitive damages of one, two, or three times the statutory damages further supports the amount in controversy.

34.     In addition to the statutory and punitive damages, Holden and the class seek statutory attorneys fees,[1] actual damages associated with the alleged invasions of privacy and exposure of private information, and the value of the claim for injunctive and declaratory relief, all of which cause the amount in controversy to further exceed $5 million. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (aggregating value of injunctive and declaratory relief to class for CAFA amount-in-controversy purposes); *Fritsch v. Swift Trans. Co. of Arizona*, 899 F.3d 785, 794 ("We conclude . . . that a court must include future attorneys' fees recoverable by statute . . . when assessing whether the amount-in-controversy requirement is met."); *Greene v. Harley-Davidson*, 965 F.3d 767, 772-73 (9th Cir. 2020) (reversing district court's decision remanding case, finding the amount in controversy exceeded $5 million under CAFA when punitive damages and attorneys' fees were included); *see also Porter v MetroPCS Comm. Inc.*, 592 Fed. Appx. 780 (11th Cir. 2014) (acknowledging attorneys' fees, costs, and punitive damages are included in the CAFA amount in controversy calculation).

---

[1] The FSCA authorizes recovery of "reasonable attorney's fee and other litigation costs reasonably incurred." Fla. Stat. 934.10(1)(d).

**D.     No CAFA Exceptions Apply**.

35.     Although NLL denies that it bears the burden to show that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(3)-(5), and (9) are inapplicable, none applies. *See Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 (11th Cir. 2006) ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception.").

36.     The exceptions in 28 U.S.C. § 1332(d)(3) and (4) do not apply because, as it is already noted, NLL is a citizen of Delaware and Arizona, and not a citizen of Florida, the state in which the Complaint was originally filed.

37.     The exceptions in 28 U.S.C. § 1332(d)(5) do not apply because the number of putative class members is alleged to be at least 100, and NLL is not a State, State official, or government entity.

**II.    THIS COURT HAS JURISDICTION UNDER DIVERSITY OF CITIZENSHIP.**

38.     Removal of this case is also proper pursuant to 28 U.S.C. § 1441(a) because this Court has original subject matter jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a). The requirements of diversity jurisdiction are met in this case because Holden and NLL are completely diverse in citizenship and the amount in controversy for Holden individually, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

39. Holden is a citizen of Florida and NLL is a citizen of states other than Florida. *See supra* at ¶¶ 16-19.

40. The amount in controversy between Holden individually and NLL exceeds $75,000 because Holden individually seeks to recover $1,000 per violation under the FSCA for each of her twenty visits to NLL's Website, resulting in $20,000 in statutory damages being sought by her individually.

41. In addition, Holden individually seeks punitive damages that, under a fair reading of Florida Law, may be as high as three times the statutory damage recovery. *See supra* at ¶ 33. Together with the statutory damages being sought by Holden individually, the total damages sought by Holden individually exceeds $75,000.[2]

42. Further, Holden individually seeks various other forms of relief, including attorneys' fees and costs as well as injunctive and declaratory relief. *See supra* at ¶ 7. These amounts further demonstrate that the amount in controversy involving her individual claims exceeds $75,000.

**THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

43. Based on these facts and allegations, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d).

44. Accordingly, removal of this action is proper under 28 U.S.C. §§

---

[2] $20,000 + $60,000 (3 x $20,000) = $80,000.

12

1441, 1446, and 1453.

45. The United States District Court for the Middle District of Florida is the appropriate venue for removal because the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (where the Complaint was originally filed) is within the jurisdiction of the Middle District of Florida. See 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

46. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon NLL are attached to this Notice of Removal.[3]

47. Pursuant to 28 U.S.C. §§ 1446(d) and 1453 prompt written notice of this Notice of Removal will be sent to Holden and the Clerk of Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida contemporaneously with its filing in this Court.

48. NLL reserves the right to amend or supplement this Notice of Removal.

49. This Notice of Removal is filed subject to and without waiver of any rights NLL may have with respect to the Complaint.

WHEREFORE, NortonLifeLock Inc. respectfully removes this Action to this Court.

---

[3] The Complaint; Civil Cover Sheet; Notice of Appearance of Manuel Hiraldo; Summons and Return of Service; Notice of Appearance of Garrett Berg; Notice of Appearance of Joseph Apatov; NLL's Motion for Extension of Time; Holden's Notice of Service of Discovery Requests; and the Order granting NLL's Motion for Extension of Time are attached.

Dated: March 12, 2021

        Respectfully submitted,

**McGLINCHEY STAFFORD**

/s/ Joseph A. Apatov
JOSEPH A. APATOV
Florida Bar No. 93546
PETER J. MASKOW
Florida Bar No. 91541
1 E. Broward Blvd, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 356-2516
Fax: (954) 252-3808
Primary E-Mail:
japatov@mcglinchey.com
pmaskow@mcglinchey.com
Secondary E-Mail:
kotero@mcglinchey.com
alozada@mcglinchey.com
***Counsel for Defendant NortonLifeLock LLC***

**CERTIFICATE OF SERVICE**

I certify that on March 12, 2021, a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, causing a copy to be served on counsel for all parties of record.

    /s/ Joseph A. Apatov
    Joseph A. Apatov, Esq.