UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAUREN HOLDEN, individually
and on behalf of all others similarly
situated,

        Plaintiff,

v.                                                      Case No. 3:21-cv-279-BJD-JRK

NORTONLIFELOCK INC.,

        Defendant.

## **O R D E R**

This cause is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint and Unopposed Motion for Extension of Time to Respond to Motion for Judgment on the Pleadings (Doc. No. 15), filed April 29, 2021. Defendant filed a response on May 13, 2021. See Defendant NortonLifeLock's Response in Opposition to Motion for Leave to File First Amended Complaint (Doc. No. 21). With leave of Court, see Order (Doc. No. 31), entered June 3, 2021, Plaintiff on June 18, 2021 filed a Reply to Defendant's Response in Opposition to Motion for Leave to File First Amended Complaint (Doc. No. 35).[1]

---

[1] The parties have both filed notices of supplemental authority. See Notice of Supplemental Authority (Doc. No. 29), filed May 26, 2021; Defendant's Notices of Supplemental Authority in Support of Motion to Stay, Motion for Judgment on the Pleadings, and in Opposition to Plaintiff's Motion for Leave to Amend (Doc. Nos. 36, 37), filed June 21, 2021 and July 8, 2021 respectively.

Motions to amend pleadings before trial are generally governed by Rule 15(a)(2), Federal Rules of Civil Procedure, which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1250 (11th Cir. 2015) (alteration omitted) (quoting Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003)); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citation omitted); see also Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010).

Upon review of the parties' arguments regarding futility, the undersigned finds that the arguments are better addressed in a procedural posture of a dispositive motion and response. This is not a case where the argument for futility is so clear-cut that amendment should be foreclosed altogether at this stage. Accordingly, it is

2

**ORDERED**:

1. Plaintiff's Motion for Leave to File First Amended Complaint and Unopposed Motion for Extension of Time to Respond to Motion for Judgment on the Pleadings (Doc. No. 15) is **GRANTED in part and DEEMED moot in part**.

2. The Motion is **GRANTED** to the extent that the Clerk of the Court shall file Plaintiff's First Amended Class Action Complaint (Doc. No. 15, Ex. A) as of the date of this Order.

3. The Motion is **DEEMED moot** to the extent that Plaintiff seeks an extension of time to respond to Defendant's Motion for Judgment on the Pleadings (Doc. No. 11).

4. Defendant's Motion for Judgment on the Pleadings (Doc. No. 11) is **DENIED as moot**. Defendant shall respond to the First Amended Class Action Complaint within the time permitted by the Federal Rules of Civil Procedure.

5. The temporary stay of discovery imposed by Endorsed Order (Doc. No. 25) remains in place pending further Order.

**DONE AND ORDERED** in Jacksonville, Florida on July 22, 2021.

_____
JAMES R. KLINDT
United States Magistrate Judge

keb
Copies to:
Counsel of Record

4